FILED

**NOT FOR PUBLICATION**

MAY 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PACESETTER, INC, a Delaware corporation, DBA St. Jude Medical CRMD, <br><br> Plaintiff-counter-defendant - Appellee, <br><br> v. <br><br> SURMODICS, INC., a Minnesota corporation, <br><br> Defendant-counter-claimant - Appellant. | No. 12-55564 <br><br> D.C. No. 2:11-cv-03964-RSWL-SH <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Argued and Submitted May 8, 2013
Pasadena, California

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

In this diversity action arising under Minnesota law, SurModics, Inc. appeals

the district court's summary judgment order denying its claims for additional

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

royalties under its licensing agreement with Pacesetter, Inc. We have jurisdiction under 28 U.S.C. § 1291 and review de novo a district court's summary judgment. *Universal Health Servs., Inc. v . Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). We affirm. Our reasoning tracks that of the district court.

The parties are familiar with the facts and prior proceedings. Remarkably, both parties urge us to conclude that the language of the licensing agreement is unambiguous as to whether SurModics was entitled to royalties on products manufactured before, but sold after, the agreement's expired. Paragraph five states that "royalties" must be paid "for each quarter of each calendar year during the term of [the] Agreement." "Term" is defined by paragraph eight to "extend ... until expiration of the last-to-expire patent ... that covers that product." Attachment B2 provides that quarterly royalties are based on the greater of a specified minimum or a percentage of net sales. We agree with the district court that the contract's language limits Pacesetter's obligation to pay royalties to those products it sold during the term of the agreement. No other obligation to pay exists.

AFFIRMED.